**Opinion filed April 23, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-07-00293-CR

_____

## CURTIS ACEVEDO, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 367th District Court**

**Denton County, Texas**

**Trial Court Cause No. F-2006-2373-E**

## M E M O R A N D U M   O P I N I O N

The jury convicted Curtis Acevedo of two counts of indecency with a child and, upon appellant's plea of true to the enhancement allegation, assessed punishment on each count at confinement for ten years. The trial court ordered that the sentences run consecutively. We affirm.

### I. *Issues*

Appellant presents four points of error on appeal. In the first and second points, he challenges the legal and factual sufficiency of the evidence. In the third and fourth points, he contends that the stacking of his sentences was improper.

II. *Sufficiency of the Evidence*

We will apply the following well-recognized standards of review to appellant's sufficiency challenges. To determine if the evidence is legally sufficient, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307 (1979); *Jackson v. State*, 17 S.W.3d 664 (Tex. Crim. App. 2000). To determine if the evidence is factually sufficient, we must review all of the evidence in a neutral light and determine whether the evidence supporting the verdict is so weak that the verdict is clearly wrong and manifestly unjust or whether the verdict is against the great weight and preponderance of the conflicting evidence. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).

Appellant was charged with and convicted of two counts of indecency with a child by intentionally and knowingly engaging in sexual contact with A.J. by touching her genitals on two separate occasions. The record shows that A.J.'s mother and appellant got married in February 2006 and separated in April 2006 but that the two got along well after the separation. Toward the end of May 2006, appellant began taking A.J. to church and often babysat A.J. on Sunday afternoons while A.J.'s mother went to work. A.J. even spent Saturday night with appellant on one or two occasions. A.J. did not return to appellant's after July 23, 2006, because she acted "kind of skittish" about going back over there and told her mother that she did not want to go back to appellant's.

A.J. was seven years old at the time of trial and six at the time of the incidents. A.J. testified that appellant touched one of her "private parts" on five separate occasions while they were at his apartment on the couch. The record shows that A.J. pointed to where appellant touched her and, using her knee, demonstrated for the jury how he "rubbed it." A.J. related what she was wearing during each of the incidents and testified that appellant touched her outside of her panties and shorts or panties and capris. A.J. testified that appellant was not putting medicine on her rash when he touched her private part. A.J. also testified that, while touching A.J., appellant pulled his shorts down and exposed his private part, which A.J. described as "something round with little round things on the bottom."

The outcry witness, Rebecca Nickels, also babysat A.J. and was like a grandmother to her. Nickels testified that in August 2006, as she was applying medicine to a vaginal rash on A.J., A.J. informed her about appellant touching her there. A.J. told Nickels that her "tutu" hurt. According to Nickels, "tutu" is the word A.J. used for her vagina. At trial, A.J. testified that her "tutu" hurt from the rash and from appellant rubbing it. Nickels told A.J.'s mother about the outcry and, after talking to A.J. about what appellant had done to her, A.J.'s mother went to the police station to file a report.

An investigator with Children's Protective Services conducted a forensic interview of A.J. During the investigation, Detective Henry Lucio attempted to contact appellant numerous times, but appellant avoided the detective and failed to return his calls. When the detective finally got through to appellant, he informed appellant that he had an arrest warrant and told appellant what the charge was. After the phone conversation, appellant failed to make arrangements to turn himself in as he had agreed to do.

The jury, as the trier of fact, was the sole judge of the credibility of the witnesses and of the weight to be given to their testimony. TEX. CODE CRIM. PROC. ANN. art. 36.13 (Vernon 2007), art. 38.04 (Vernon 1979). As such, the jury was free to believe or disbelieve all or any part of any witness's testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). After reviewing all of the evidence using the applicable standards of review, we hold that the evidence is both legally and factually sufficient to support the jury's verdict on each count. Appellant's first and second points of error are overruled.

### III. *Sentencing*

In his third point of error, appellant contends that the trial court erred by signing a judgment ordering consecutive sentences. In his fourth point, appellant asserts that the trial court's oral pronouncement of the sentences was inadequate.

The trial court had the authority and the discretion to stack appellant's sentences. *See* TEX. PENAL CODE ANN. § 3.03(b)(2) (Vernon Supp. 2008); TEX. CODE CRIM. PROC. ANN. art. 42.08 (Vernon 2006). Article 42.08(a) provides in relevant part:

> When the same defendant has been convicted in two or more cases, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction. . . . [T]he judgment in the second and subsequent

3

convictions may either be that the sentence imposed or suspended shall begin when the judgment and the sentence imposed or suspended in the preceding conviction has ceased to operate, or that the sentence imposed or suspended shall run concurrently with the other case or cases, and sentence and execution shall be accordingly.

The reporter's record reflects that the trial court granted the State's motion to stack the sentences and then pronounced in open court: "I hereby assess your punishment and sentence you to ten years' confinement in the Texas Department of Criminal Justice. On each count those counts [sic] – sentences on those counts will run consecutively." With all due respect to the court reporter, we are of the opinion that a "." was misplaced in transcribing the record and that the trial court's pronouncement was actually the following: "I hereby assess your punishment and sentence you to ten years' confinement in the Texas Department of Criminal Justice on each count. Those counts – sentences on those counts will run consecutively." The written judgment in this case reflects that appellant was convicted of two counts of indecency with a child, that punishment was assessed at confinement for ten years in Count I and in Count II, that the sentences were to run consecutively, and specifically that "[t]he sentence imposed under Count II of the indictment shall commence upon completion of the sentence given in Count I wherein the defendant was sentenced to TEN (10) years Institutional Division of the Texas Department Corrections [sic]."

The trial court's oral pronouncement was clear and unambiguous. Upon the granting of the motion to stack the sentences and the oral pronouncement of the sentences, appellant was given notice of the punishment to which he had been sentenced, including the cumulative sentences imposed in this case. *See Williams v. State*, 675 S.W.2d 754, 761-64 (Tex. Crim. App. 1984); *see also Ex parte Madding*, 70 S.W.3d 131 (Tex. Crim. App. 2002). Contrary to appellant's assertion, the cumulation order in the judgment clearly and unequivocally indicates that the ten-year sentence imposed for the conviction in Count II of this case will commence upon appellant's completion of the ten-year sentence imposed for the conviction in Count I of this case, not some other unknown conviction and sentence. Furthermore, the written cumulation order did not impose a sentence different or more harsh than that pronounced in open court. *See Madding*, 70 S.W.3d at 135-37. We hold that the oral pronouncement ordering the sentences in this case to run consecutively and the written cumulation order in the judgment are sufficiently specific and are valid. *See Williams*, 675 S.W.2d at 761-64. Appellant's third and fourth points of error are overruled.

The judgment of the trial court is affirmed.


RICK STRANGE

JUSTICE


April 23, 2009

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of:  Wright, C.J.,
McCall, J., and Strange, J.

5